IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DOUGLAS TAYLOR, #T2577                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:04cv956HTW-JCS

CHRISTOPHER EPPS, LAWRENCE KELLY,
JACKIE PARKER, BRIAN LADNER,
GLORIA CHAMBLISS, E.L. SPARKMAN
and KENTRELL LIDDELL                                               DEFENDANTS

OPINION AND ORDER

On November 14, 2005, this court entered two orders in the instant action. One order directed the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff has failed to respond or comply with this order. The second order entered on November 14, 2005, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts OR file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court. The envelope containing these orders were returned to the court marked by the postal service as "undeliverable - discharged on 8/4/05." Even though the plaintiff was warned in a notice of assignment from the Clerk that his failure to keep this court advised of his current address could result in the dismissal of this action, he has failed to contact this court with a new address since his release on August 4, 2005.

This court finds that the plaintiff's failure to communicate with this court establishes that

he lacks interest in pursuing this claim.  As such, this court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 19th day of  January, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE